UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLMETEX, LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: 17-cv-0860 |
| DENTAL RECYCLING OF NORTH AMERICA, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR FALSE ADVERTISING**
**(Jury Trial Demanded)**

1.      Plaintiff SolmeteX, LLC ("SolmeteX") manufactures and distributes the dental industry's leading line of amalgam separators, a device that removes mercury amalgam particulate from dental office wastewater streams. For nearly 20 years, SolmeteX has marketed and sold its amalgam separators—including replacement canisters that collect and store amalgam waste for later recycling—under the federally registered trademark, Hg5®.

2.      Defendant Dental Recycling of North America, Inc. ("DRNA") is a provider of dental waste management and recycling products, including an amalgam separator. In addition to its own separator, which does not use replacement canisters, DRNA recently began marketing an amalgam recycling canister that is specifically designed to replace SolmeteX's Hg5® waste storage canister. In promoting this new replacement canister directly to SolmeteX's customers, DRNA is impliedly representing that its canisters are equivalent to Hg5® canisters, which they are not. And in at least one promotion targeting members of the Michigan Dental Association (the "MDA"), DRNA has falsely claimed that its Hg5-compatible replacement canister has been

certified by NSF International, the leading testing and certification laboratory for the dental industry.

3.      SolmeteX brings this action to permanently enjoin DRNA's false advertising, and to recover damages, including all profits DRNA has wrongfully earned from its unfair and deceptive advertising campaign and product representations, together with SolmeteX's costs and reasonable attorneys' fees.

## PARTIES AND JURISDICTION

4.      SolmeteX is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 50 Bearfoot Road, Northborough, Massachusetts 01532.

5.      DRNA is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 145 West 58th Street, New York, New York 10019.

6.      This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental and pendent jurisdiction over SolmeteX's state-law claims under 28 U. S. C. § 1367(a), because SolmeteX's state-law claims are so related to the claims under federal law that they form part of the same case or controversy, and derive from a common nucleus of operative fact.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because DRNA resides in this district.

**FACTS**

8.      For more than 20 years, SolmeteX has been developing, manufacturing and selling technologies for, *inter alia*, the safe and efficient removal of dental amalgam from dental office waste water streams.

9.      In 2000, SolmeteX began selling a dental amalgam separator to the dental industry under the federally registered trade name and mark, Hg5®. Although other companies market competing dental amalgam separators, SolmeteX's Hg5® separator system is the most successful product in its market by virtue of superior performance, ease of use and customer support.

10.     SolmeteX manufactures and sells both complete Hg5® amalgam separator systems and replacement Hg5® collection canisters. Hg5® canisters are periodically replaced by end users with new empty canisters depending on waste-water flow rates in a given dental office.

11.     As part of its customer support, SolmeteX has entered into contracts with third parties for appropriate recycling of spent canisters. Because SolmeteX's customers must periodically replace their Hg5® collection canisters, SolmeteX generates a significant portion of its revenue from end users who purchase replacement canisters for the life of their Hg5®system.

12.     As the recognized leader in amalgam separator technology, SolmeteX has been formally endorsed by state dental associations throughout the United States, and the Hg5® separator series has received multiple industry awards.

13.     To protect the substantial goodwill and wide recognition of its products in the dental industry, SolmeteX maintains two federal registrations for the words and design of the Hg5® mark, both of which are incontestable.

14.     SolmeteX owns U.S. Patent and Trademark Office ("USPTO") registration number 2,560,362, for the word mark "HG5" in International Class 11 for an "amalgam separator for the removal of mercury and other contaminants from waste streams." It also owns USPTO registration number 2,623,925 for a design mark in the same International Class, covering the same use, and utilizing the same three-letter arrangement.

15.     The USPTO registered the Hg5® word mark on April 9, 2002, and the Hg5® design mark on September 24, 2002. Both marks have been continuously in use in interstate commerce since November 26, 2000, and are thus incontestable under 15 U.S.C. § 1065.

**The Importance of NSF Certification**

16.     Because amalgam separators offer a low-cost solution for removing and recycling mercury that would otherwise be released into the environment, the American Dental Association recommends their use by all of its members. Multiple states, including New York and Michigan, have also mandated the use of amalgam separators.

17.     To confirm the efficacy and efficiency of amalgam separators sold in the market, the International Organization for Standardization ("ISO") has published ISO 11143, which establishes efficacy standards and testing methods for dental amalgam separators.

18.     Multiple states around the country have formally adopted ISO 11143. Dental offices within those states are required to use one or more amalgam separators that meet the ISO 11143 standard.

19.     NSF International ("NSF") is an independent public health and safety organization that, among other services, tests and certifies product compliance with ISO 11143.

20.     NSF certification provides end user assurance that a NSF-certified product is fully ISO compliant.

21.     NSF publishes lists of approved manufacturers. Consumers and the public can search the NSF website to determine whether a given manufacturer's products are NSF certified.

22.     NSF certification extends to dental amalgam replacement canisters. SolmeteX boasts 13 different NSF-certified products in its Hg5® product line, including the Hg5® replacement canister. See Exhibit 1.

**DRNA's False Claims About its New Replacement Canister**

23.     DRNA markets itself as a dental waste management company. Among its products is an amalgam separator that does not include a removable recycling canister. Instead, DRNA replaces the entire separator each time it fills with amalgam waste.

24.      DRNA represents on its website that its amalgam separator is ISO certified.

25.     NSF does not currently list any DRNA products as NSF certified.

26.     DRNA currently markets an amalgam recycling canister that it claims is designed to retrofit onto an existing Hg5® system.

27.     As part of that marketing, DRNA has partnered with the Michigan Dental Association (the "MDA") to offer a promotional discount to MDA members if they replace their Hg5® amalgam recycling canisters with a DRNA replacement canister.

28.     In its marketing materials, DRNA claims that its Hg5® replacement canister "works with your dental office's dental amalgam recycling unit . . . , and has been successfully tested to ISO 11143 standard and certified by NSF International." *See* DRNA "Special Offer of Savings for Members of the Michigan Dental Association," attached hereto as Exhibit 2. (Emphasis added).

29.     No DRNA amalgam canister is NSF certified. Not only is DRNA not among NSF's list of approved manufacturers (Exhibit 2), NSF has recently confirmed to SolmeteX that it has not certified any DRNA amalgam recycling cartridge.

30.     On information and belief, DRNA has made and is making similar false claims in other state and local promotions.

31.     On information and belief, DRNA has sold, and attempted to sell, dental amalgam separator canisters to SolmeteX customers who would otherwise have bought Hg5® replacement canisters, but for their mistaken belief that DRNA's replacement canisters are NSF certified and equal in performance to Hg5® replacement canisters.

32.     DRNA is aware that its claim to NSF certification is blatantly false and is likely to confuse consumers about the nature, characteristics, and quality of its allegedly Hg5-compatible replacement canister.

**DRNA's Misuse of SolmeteX's Trademarks**

33.     This is not the first time DRNA has unfairly competed against SolmeteX. In late 2014, SolmeteX learned that DRNA was using the SolmeteX name and registered Hg5® trademarks in purported comparative advertising that, in fact, infringed on SolmeteX's exclusive trademark rights.

34.     Despite DRNA's subsequent express assurance to SolmeteX's counsel that DRNA would "not be using the SolmeteX name and/or SolmeteX logo in any of [its] marketing materials going forward," the same issue presents itself today. In announcing its partnership with DRNA, the MDA claimed that a "New Hg5® amalgam recycling canister from DRNA" could save MDA members 40%, thus misleadingly suggesting that DRNA is distributing an Hg5® canister. *See* MDA Announcement, attached hereto as Exhibit 3.

35.     DRNA and MDA's joint marketing materials use SolmeteX's registered trademarks four times in the first two sentences, making the small-print, footnoted disclaimer of any affiliation with SolmeteX ineffective to dispel the likelihood of confusion caused by the announcement's suggestion that DRNA is distributing a SolmeteX product.

## COUNT I
### False Advertising under Lanham Act § 43(a)

36.     SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

37.     DRNA's claim that its Hg5® replacement canisters are certified by NSF constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

38.     DRNA's false statements about its amalgam recycling canisters are material, and are likely to deceive consumers as to the nature and quality of DRNA's products, including DRNA's false claim that its Hg5-compatible replacement canisters are equal in quality, performance and environmental certification to SolmeteX's Hg5® replacement canisters.

39.     DRNA's false advertising statements about its amalgam recycling canisters were willful and deliberate.

40.     DRNA developed its amalgam recycling canisters and related marketing materials specifically intending to trade on the valuable goodwill of SolmeteX's Hg5® marks.

41.     As a direct and proximate result of DRNA's misconduct, SolmeteX has suffered and continues to suffer, or is likely to suffer damage to its business, its business reputation, and/or its goodwill.

42.     Unless it is restrained, DRNA will continue making false claims about its amalgam replacement canisters and their nature and quality as replacements for SolmeteX's Hg5® canisters. SolmeteX has no adequate remedy at law for such misconduct, and is therefore

entitled to a permanent injunction restraining DRNA, its officers, agents, and employees, and all persons acting in concert with them, from continued misrepresentations about the nature and quality of its products.

43.     SolmeteX is further entitled to recover from DRNA the actual damages it has sustained or is likely to sustain as a result of the Defendants' wrongful conduct, in an amount to be determined at trial, as well as all gains, profits, and advantages that DRNA has obtained as a result of its wrongful conduct, in an amount to be determined at trial, plus costs and attorneys' fees.

## COUNT II
**Trademark Infringement**

44.     SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

45.     SolmeteX's federally registered Hg5® marks are valid and incontestable.

46.     Without SolmeteX's consent, DRNA is intentionally using in interstate commerce and benefitting from advertisements that are likely to cause confusion about the source and origin of DRNA's amalgam recycling canisters, and are likely to deceive consumers as to the affiliation, connection, or association between SolmeteX and DRNA or the products being sold by DRNA.

47.     DRNA's conduct infringes SolmeteX's exclusive rights in its registered trademarks, in violation of 15 U.S.C. § 1114 and the common law.

48.     As a result of the DRNA's misconduct, SolmeteX has suffered and continues to suffer, or is likely to suffer damage to its business, its business reputation, and/or its goodwill.

49.     Unless it is restrained, DRNA will continue using SolmeteX's name and distinctive marks in connection with its misleading advertisements, which will irreparably harm

SolmeteX. SolmeteX has no adequate remedy at law for such misconduct, and is therefore entitled to a permanent injunction restraining DRNA, its officers, agents, and employees, and all persons acting in concert with them, from continued misrepresentations about the nature and quality of its products.

50.     SolmeteX is further entitled to recover from DRNA the actual damages it has sustained or is likely to sustain as a result of the Defendants' wrongful conduct, in an amount to be determined at trial, as well as all gains, profits, and advantages that DRNA has obtained as a result of its wrongful conduct, in an amount to be determined at trial, plus costs and attorneys' fees.

## COUNT III
### Common Law Unfair Competition

51.     SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

52.     DRNA has made false statements directly to SolmeteX's customers and has misled the public about the nature and quality of DRNA's amalgam recycling canisters as equal replacements for SolmeteX's Hg5® replacement canisters.

53.     DRNA's false statements about its amalgam separator canisters were willful and deliberate.

54.     As a result of the DRNA's misconduct, SolmeteX has suffered and continues to suffer, or is likely to suffer damage to its business, its business reputation, and/or its goodwill.

55.     SolmeteX is therefore entitled to recover from DRNA the actual damages it has sustained or is likely to sustain as a result of the Defendants' wrongful conduct, in an amount to be determined at trial, as well as all gains, profits, and advantages that DRNA has obtained as a

result of its wrongful conduct, in an amount to be determined at trial, plus costs and attorneys' fees.

**COUNT IV**
**N.Y. Gen. Bus. L. § 349(H)**

56.     SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

57.     DRNA is engaged in willful deceptive acts or practices in the conduct of its business in New York by making false and misleading statements about its products in an effort to induce existing SolmeteX customers, including those located in the state of New York, to buy DRNA Hg5® replacement canisters by materially misrepresenting the nature, characteristics and qualities of its amalgam recycling canisters as replacements for SolmeteX's Hg5® canisters.

58.     DRNA's false statements about its amalgam recycling canisters were willful and deliberate.

59.     As a result of the DRNA's misconduct, SolmeteX has suffered and continues to suffer, or is likely to suffer damage to its business, its business reputation, and/or its goodwill.

60.     Unless it is restrained, DRNA will continue using SolmeteX's name and distinctive marks in connection with its misleading advertisements, which will irreparably harm SolmeteX. SolmeteX has no adequate remedy at law for such misconduct, and is therefore entitled to a permanent injunction restraining DRNA, its officers, agents, and employees, and all persons acting in concert with them, from continued misrepresentations about the nature and quality of its products.

61.     DRNA's willful and deliberate violation of New York Gen. Bus. L. § 349(h) warrants treble damages and an award of attorneys' fees to SolmeteX.

**PRAYERS FOR RELIEF**

WHEREFORE, SolmeteX hereby requests that this Court:

1.  Enter judgment in SolmeteX's favor and against DRNA on all counts;

2.  Enter a preliminary and permanent injunction ordering DRNA to immediately cease and desist from advertising, marketing or otherwise representing to the public that its amalgam separator products are ISO 11143 compliant and/or NSF certified;

3.  Order DRNA to engage in a program of corrective advertising, satisfactory to SolmeteX, to retract and clarify the false and misleading information DRNA has promulgated about its amalgam recycling canisters;

4.  Award SolmeteX damages in an amount sufficient to compensate it for the injury it has suffered as a result of DRNA's misconduct;

5.  Award SolmeteX all profits DRNA has earned as a result of its misconduct;

6.  Enter and award of treble damages against DRNA, and for other punitive damages in an amount sufficient to punish and deter DRNA from further acts of willful unfair competition;

7.  Award SolmeteX its costs and all reasonable attorneys' fees it incurs in connection with this action; and

8.  Grant such other and further relief as the Court deems just and proper.

[THIS SECTION INTENTIONALLY BLANK]

SOLMETEX HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

SOLMETEX, LLC,

By its attorneys

Paul R. Niehaus
*Of Counsel to the Firm*
MURPHY & KING, P.C.
150 E. 58th St.
22nd Floor
New York, NY  10155
(212) 631-0223

Daniel J. Lyne (Mass. Bar #309290)
Steven M. Veenema (Mass. Bar #672097)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
dlyne@murphyking.com
sveenema@murphyking.com
*Pro Hac Vice Applications Forthcoming*

Dated: February 3, 2017